UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT CAPPIELLO**                                          **CIVIL ACTION**

**VERSUS**                                                    **No. 06-8723**

**STATE FARM FIRE AND**                                       **SECTION: I/1**
**CASUALTY COMPANY, ET AL.**

ORDER AND REASONS

The matter before the Court is a motion to remand, filed on behalf of plaintiff, Robert Cappiello. Defendants in this matter are State Farm Fire and Casualty Company ("State Farm") and Ken Jones.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher &*

*Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006);

*Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL

2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1]  The Court is inundated with motions to remand in cases

---

[1] The Court notes that, on the facts of this case, defendants have failed to meet their heavy burden to establish subject matter jurisdiction. Pursuant to 28 U.S.C. § 1332, the Court is vested with diversity jurisdiction when the amount in controversy requirement is satisfied and the matter is between citizens of different states. 28 U.S.C. § 1332. To be a citizen of a State within the meaning of Section 1332, a natural person must be both a citizen of the United States and a domiciliary of that State. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient. *Id.* "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom....'" *Id.* (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). The burden of proving diversity rests with the party asserting jurisdiction. *Id.*

Plaintiff asserts, upon information and belief, that defendant Jones is a Louisiana citizen, and, therefore, there is no complete diversity among the parties. Defendants counter, in an affidavit, that Jones is domiciled in Nebraska. Rec. Doc. No. 7-2. However, the affidavit is insufficient to meet defendants' burden.  While this Court may receive affidavits in deciding this jurisdictional issue, it will not rely on *inadmissible* evidence. *See, e.g.*, *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *Philipbar v. Derby*, 85 F.2d 27, 30-31 (2d Cir. 1936).  The affidavit is from an employee of Eberl's Claims Service who makes a conclusory assertion that he is "in such a position with this company as to know the domicile of Ken Jones" and that Jones is domiciled in Nebraska.  Rec. Doc. No. 7-2.  While the Court assumes *arguendo* that the affiant would know Jones's place of residence, the affidavit provides no basis for this Court to judge the affiant's blanket assertion that Jones is legally *domiciled* in Nebraska.  While statements from Jones as to his intention to remain indefinitely in Nebraska may be admissible under an exception to the hearsay rule, *see* Fed. R. Evid. 803(3), no such statements are included in the affidavit as proof of domicile.

Moreover, this Court has previously held that there is no improper joinder of the insurance adjuster as a defendant on these facts. *See Pennison v. State Farm Fire and Casualty Company*, No. 06-8437, slip op. at 5-6 (E.D. La. Dec. 1, 2006).  Therefore, defendants have failed to meet their burden of establishing diversity jurisdiction pursuant to Section 1332.  There is no other valid basis for jurisdiction over this matter, and remand is required.

such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff[2] is **GRANTED** and the case is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines.

New Orleans, Louisiana, January   31st  , 2007.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[2]Rec. Doc. No. 6.

-3-